Thomas A. Aceituno, Trustee
P.O. Box 189
Folsom, CA 95763-0189
(916) 985-6486
trustee@acetrustee.com

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

In re:

DARREN JAMES HANCOCK

Debtor(s)

Case No. 13-23718-A-7

DCN:  TAA-2

DATE:  May 20, 2013
TIME:  10:00 am
DEPT.:  A

MOTION FOR SALE OF ASSETS FREE AND CLEAR OF LIENS

I, Thomas A. Aceituno,  hereby move for an order approving the sale of the assets of the Debtor's former

business known as Hancock Auto Parts to David Simms, dba Farm and Auto Supply, Inc. for the amount of

$175,000 under the terms below:

1.  Darren Hancock, hereafter "Debtor", filed Chapter 7 bankruptcy on March 20, 2013.  I have been

    appointed Trustee for the bankruptcy estate.

2.  Prior to the filing of the bankruptcy, Debtor was operating a business known as Hancock Auto Parts

    at 521 N. Lincoln Avenue, Galt, California. The business was operated in leased premises.  The assets

    of the business included furniture, fixtures and equipment ("FF&E"), inventory, and accounts

    receivable.   Debtor had entered into an agreement with David Simms, dba Farm and Auto Supply,

    Inc. ("Simms") to sell all assets of the business to Simms.  The purchase price was approximately

    $191,000.  The assets to be acquired included all FF&E, inventory, and substantially all of the

accounts receivable. Debtor and Simms opened escrow with Capital City Escrow. Simms paid into escrow approximately $186,000 of the proposed purchase price.

3. As part of the proposed sale, Debtor and Simms agreed that Simms would take over operation of the business prior to close of the sale. Simms in fact took over operation and was continuing to operate the business as of the date of the filing of the bankruptcy case. In reliance on the sale agreement, Simms purchased additional inventory, spent additional funds on cleanup and improvement of the business facility, and negotiated a new lease agreement with the property owner.

4. At this point, it would be extremely difficult to "unwind" the proposed sale. Acting under the original agreement, Simms has not only expended his own funds on additional inventory and improvements, but has continued to sell some of the inventory previously owned by Debtor. Simms has used the revenue derived from those sales to pay expenses, some of which may be construed as pre-bankruptcy operating expenses that would otherwise become claims in the estate.

5. I have reviewed the proposed purchase of the business. In order to minimize difficulties created by the filing of the bankruptcy, and in order to liquidate the business for the benefit of creditors of the estate, I have negotiated a new agreement with Simms to complete sale of the business. We have executed a new Asset Purchase Agreement, hereafter the "Agreement", a copy of which is filed herein as Exhibit

1. The essential terms of the Agreement include the following:

   a. The purchase price has been reduced to $175,000 to account for re-assessment of the value of the inventory and accounts receivable;

   b. The sale will include all FF&E, inventory, and accounts receivable of the Debtor.

   c. Simms will continue to operate the business prior to closing. If the sale is not approved for any reason, upon my request Simms will make available to me all remaining inventory

belonging to Debtor, but will be entitled to retain all revenue as reasonable compensation for continued management of the business;

   d. Simms will have the option to close the sale utilizing an escrow through Capital City Escrow. If escrow is used, each party shall pay one-half of escrow and closing costs;

   e. The sale shall be free and clear of any liens; and

   f. The sale will be subject to approval of this court.

6. Capitol City Escrow has performed a lien search. According to their information, the only recorded liens against the assets are as follows:

   a. Genuine Parts Company dba Napa Distribution Sacramento (hereafter "Napa"); and

   b. Suntrust Bank (hereafter "Bank").

7. I have performed my own search of the records of Sacramento County and find no evidence of liens against the personal property assets of the Debtor other than those of Napa and Bank.

8. Capitol City Escrow has requested demands from Napa and Bank. Napa placed a demand in escrow of $13,146.84. Bank placed a demand in escrow in the amount of $95,625.46.

9. The sale as proposed herein will allow for full payment of the known liens, and provide for additional equity of approximately $60,000 for unsecured creditors of the estate.

10. Bankruptcy Code Section 363(f)(3) provides that the Trustee may sell assets free and clear of liens if *"the price at which such property is to be sold is greater than the aggregate value of all liens on such property"*.

For the reasons set forth above, I pray for an order of the court as follows:

1. Approving the Asset Purchase Agreement filed herein as Exhibit 1;

2. Confirming that such sale shall be free and clear of the liens of Genuine Parts Company dba Napa Distribution Sacramento and Suntrust Bank, with the liens of Napa and Bank attaching to the proceeds of the sale; and

3. Authorizing the Trustee execute all documents necessary to complete the sale.

Dated: April 22, 2013          /s/ Thomas A. Aceituno